**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CIVIL CASE NO.:**

Caroline Choi,

Plaintiff,

v.

JURY TRIAL DEMANDED

DigniFi Tech, Inc., Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,

Defendants

______________________________________/

SLG SANDERS · LAW GROUP ·

# COMPLAINT

Plaintiff Caroline Choi ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against DigniFi Tech, Inc. ("*DigniFi*" or *"Furnisher Defendant"*), Equifax Information Services, LLC ("*Equifax*"), Experian Information Solutions, Inc. ("*Experian*") and Trans Union, LLC ("*Trans Union*") (Equifax, Experian and Trans Union may be hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*

2. This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3. This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable

and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer reports.

5. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain including anxiety, stress, and frustration arising from the inability to obtain fair credit; the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third party prospective creditors.

6. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in its violative behaviors.

SLG SANDERS · LAW GROUP ·

## JURISDICTION AND VENUE

7. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

9. Plaintiff Caroline Choi is an adult who is a citizen of the State of Florida residing in Miami-dade County.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Defendant DigniFi is a corporation and has a principal place of business located at 10800 NE 8th St. Ste. 210, Bellevue WA 98004.

12. Defendant DigniFi is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

SLG SANDERS · LAW GROUP ·

13. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

14. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

15. Defendant Equifax by contractual agreement, disseminates consumer reports for remuneration to third parties.

16. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

17. Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

18. Defendant Experian by contractual agreement, disseminates consumer reports for remuneration to third parties.

19. Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

20. Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

21. Defendant Trans Union by contractual agreement, disseminates consumer reports for remuneration to third parties.

**<u>SUBSTANTIVE ALLEGATIONS OF FCRA</u>**

22. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

23. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

24. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

25. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

26. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

27. Plaintiff Caroline Choi had an outstanding charged-off debt with DigniFi in the amount of $3,329.

28. Plaintiff settled this debt with DigniFi in full for the sum of $2,663.

29. This subject debt was resolved in full satisfaction of the debt obligation.

30. As such, Plaintiff's credit reports should reflect that the debt was settled or

paid off for less than the amount owed and the balance should reflect $0 and $0 past due.

31. After the settlement was completed, Plaintiff caused a dispute letter to be sent to CRA Defendants via certified mail on June 3, 2026 (the "*FCRA Dispute Letter*"). The FCRA Dispute Letter included documentation demonstrating that the DigniFi debt had been settled in full satisfaction of the obligation and that no balance remained due and owing.

32. Based upon United States Postal Service tracking information, CRA Defendants received the FCRA Dispute Letter.

33. Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA Dispute Letter to Furnisher Defendant, within five business days of receipt of same, as required by the FCRA.

34. Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendants of Plaintiff's FCRA Dispute Letter.

35. Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the debt as unpaid with an outstanding balance of $666.

36. Since this debt was settled and paid off entirely, the reporting of an outstanding balance and the failure to indicate that the debt was settled is inaccurate, misleadingly inflates Plaintiff's liabilities and violates the FCRA.

37. Reporting an outstanding balance after the debt had been settled in full satisfaction of the obligation is materially misleading because it falsely communicates to prospective creditors and other users of consumer reports that Plaintiff currently owes an outstanding amount on the account.

38. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

39. Had Defendants performed a reasonable investigation, the account at issue would have been modified to reflect the fact that it was settled with no outstanding balance, or the tradeline would have been deleted entirely.



SLG SANDERS · LAW GROUP ·

40. Alternatively, and upon information and belief, CRA Defendants failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

41. Alternatively, and upon information and belief, Furnisher Defendant provided CRA Defendants with the correct information and directives regarding the DigniFi account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

42. As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

43. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; and the dissemination of this inaccurate reporting to third party prospective creditors.

SLG SANDERS · LAW GROUP ·

## COUNT I
## CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b)

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. At all times relevant hereto, CRA Defendants were consumer reporting agencies as defined by the Fair Credit Reporting Act.

46. Pursuant to 15 U.S.C. § 1681e(b), CRA Defendants were required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff contained in their consumer reports.

47. CRA Defendants prepared, maintained, and published consumer reports concerning Plaintiff that contained inaccurate, incomplete, misleading, and/or materially misleading information.

48. The inaccurate information reported concerning Plaintiff was described in the foregoing Statement of Facts.

49. Upon information and belief, the inaccurate reporting described above resulted from CRA Defendants' failure to establish, maintain, and follow reasonable procedures designed to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

50. Upon information and belief, CRA Defendants' conduct in this matter was representative of their normal business practices, policies, procedures, or lack thereof.

51. As a result of CRA Defendants' failure to follow reasonable procedures, inaccurate information concerning Plaintiff was included in and published through Plaintiff's consumer reports.

52. CRA Defendants knowingly or recklessly disregarded their obligations under 15 U.S.C. § 1681e(b) or, alternatively, negligently failed to exercise reasonable care in complying with those obligations.

53. As a direct and proximate result of CRA Defendants' violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages as described above.

54. Pursuant to 15 U.S.C. §§ 1681n and 1681o, CRA Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

SLG SANDERS · LAW GROUP ·

**COUNT II**

**CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.***

55. Plaintiff repeats and realleges paragraphs 1-43 as though fully set forth herein.

56. After receiving notice of Plaintiff's disputes, CRA Defendants were required to conduct reasonable reinvestigations to determine whether the disputed information was accurate, review all relevant information submitted by Plaintiff, and delete or modify information found to be inaccurate, incomplete, misleading, or incapable of verification. See 15 U.S.C. § 1681i.

57. Plaintiff submitted one or more disputes concerning the inaccurate information described above.

58. Upon information and belief, CRA Defendants received Plaintiff's disputes and the information submitted in support thereof.

59. Despite receiving Plaintiff's disputes, CRA Defendants failed to conduct reasonable reinvestigations concerning the disputed information.

60. Upon information and belief, CRA Defendants relied upon cursory, automated, or otherwise unreasonable procedures, deferred to the conclusions of Furnisher Defendant, and failed to independently evaluate the information provided by Plaintiff.

61. Upon information and belief, CRA Defendants failed to adequately review and consider all relevant information submitted by Plaintiff concerning the disputed information.

62. Despite receiving information demonstrating that the reporting was inaccurate, incomplete, misleading, or incapable of verification, CRA Defendants continued reporting the disputed information.

63. Upon information and belief, CRA Defendants failed to provide Furnisher Defendant with all relevant information concerning Plaintiff's disputes as required by 15 U.S.C. § 1681i(a)(2).

64. As a result, CRA Defendants failed to delete, modify, or otherwise correct inaccurate information appearing in Plaintiff's consumer reports and credit files.

65. CRA Defendants knowingly or recklessly disregarded their obligations under 15 U.S.C. § 1681i or, alternatively, negligently failed to exercise reasonable care in complying with those obligations.

66. As a direct and proximate result of CRA Defendants' violations of 15 U.S.C. § 1681i, Plaintiff suffered actual damages as described above.

67. Pursuant to 15 U.S.C. §§ 1681n and 1681o, CRA Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

**COUNT III**

**Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**



SLG SANDERS · LAW GROUP ·

68. Plaintiff repeats and realleges paragraphs 1-43 as though fully set forth herein.

69. At all times relevant hereto, Furnisher Defendant furnished information concerning Plaintiff to one or more consumer reporting agencies.

70. Upon receiving notice from a consumer reporting agency that a consumer disputes information furnished by it, a furnisher is required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, report the results of its investigation, and modify, delete, or permanently block the reporting of information that is inaccurate, incomplete, misleading, or incapable of verification. See 15 U.S.C. § 1681s-2(b).

71. On each occasion referenced above in which Plaintiff submitted a dispute to one or more CRA Defendants, upon information and belief, the CRA Defendants provided Furnisher Defendant with notice of Plaintiff's disputes and all relevant information concerning those disputes, which Furnisher Defendant received.

72. Despite receiving notice of Plaintiff's disputes, Furnisher Defendant failed to conduct a reasonable investigation concerning the disputed information.

73. Upon information and belief, Furnisher Defendant failed to adequately review the information provided by the CRA Defendants and failed to take reasonable steps necessary to determine whether the disputed information was accurate.

74. Despite receiving information demonstrating that the reporting was inaccurate, incomplete, misleading, or incapable of verification, Furnisher Defendant continued furnishing the disputed information to the CRA Defendants.

75. Upon information and belief, Furnisher Defendant relied simply on their customer information system (CIS), rather than using any other means to verify the disputed information.

76. Furnisher Defendant failed to correct, delete, modify, or permanently block the reporting of information that was inaccurate, incomplete, misleading, or incapable of verification.

SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

77. By failing to conduct a reasonable investigation and by continuing to furnish inaccurate information after receiving notice of Plaintiff's disputes, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b).

78. Furnisher Defendant knowingly or recklessly disregarded its obligations under the FCRA or, alternatively, negligently failed to exercise reasonable care in complying with those obligations.

79. Furnisher Defendant's conduct was willful because it possessed direct knowledge of Plaintiff's settlement of the DigniFi Account and Plaintiff's satisfaction of the obligation, yet continued furnishing inaccurate information concerning the account after receiving notice of Plaintiff's dispute.

80. As a direct and proximate result of Furnisher Defendant's conduct, Plaintiff suffered actual damages as described above.

81. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Furnisher Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

## JURY DEMAND

82. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a Adjudging that Defendants' actions violated the FCRA;

b Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

c Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

f Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h Such other and further relief as the Court determines is just and proper.

DATED: August 19, 2026

**SANDERS LAW GROUP**

By: <u>*/s Craig B. Sanders*</u>
Craig B. Sanders, Esq.
Florida Bar ID: 985686
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
*Attorneys for Plaintiff*
Our File No.: 146490